IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DARRELL EREMAN, #015068 | § | |
| | § | CIVIL ACTION NO. 6:22cv0430 |
| VS. | | CONSOLIDATED WITH |
| | § | CIVIL ACITON 6:23cv089 |
| DIRECTOR, TDCJ | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Darrell Ereman, an inmate confined within the Smith County Jail proceeding *pro se*, filed these petitions for a writ of habeas corpus pursuant to § 2254. The petitions were referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the cases.

For the for the foregoing reasons, Petitioner Ereman petitions should be denied as time-barred, and the cases should be dismissed with prejudice.

**I. Procedural History**

Ereman challenges his 2009, 2013, and 2018 convictions for driving while intoxicated (third or more). In 2009, Ereman pleaded guilty and received a sentence of ten years' imprisonment, (Dkt. #36-7). His sentence was subsequently suspended, and the court placed him on community supervision for eight years. However, his supervision was later revoked by judgment in 2013—which sentenced him to the ten-year sentence, (Dkt. #34-31). Ereman was then convicted in another case in 2013 after pleading guilty, receiving a sentence of ten years' imprisonment to run concurrently. *Id*.

Turning to the third conviction, Ereman was convicted in 2018, (Dkt. #34-45). He pleaded guilty to first-degree felony driving while intoxicated (third or more), enhanced—and was

1

sentenced to twenty-five years' imprisonment to run concurrently. *Id*. He did not file a direct appeal or a petition for discretionary review. The record also reflects that Ereman failed to challenge his convictions through a state application for a writ of habeas corpus, (Exhibit B). He was released onto parole.

Ereman filed this first habeas proceeding, 6:22cv430, in 2022, (Dkt. #1). He explains that he was arrested for violating parole on December 12, 2022. Ereman then filed his second federal habeas petition, 6:23cv89, in February 2023, (Dkt. #1, 6:23cv89). He was indicted on February 9, 2023, for third or more third-degree felony driving while intoxicated, (Exhibit D). The case is pending.

## II. Respondent's Answer

After being ordered to do so, Respondent filed an answer, (Dkt. #35), addressing all of Ereman claims across both proceedings. Respondent maintains that Ereman's claims are barred by the statute of limitations under the AEDPA, unexhausted, or otherwise not cognizable on federal habeas review.

## III. Ereman's Habeas Claims

In his petitions, Ereman maintains that trial counsel was ineffective for failing to (1) request a competency hearing; (2) introduce evidence of his that the cause of his behavior was his brain injury rather than intoxication; (3) introduce evidence concerning filings only after suffering injury; (4) inform the trial court of his permanent brain injury and loss of memory; and (5) file a motion to suppress to object to the admission of bodycam evidence, (Dkt. #12, 15, 22).

Ereman focuses heavily on a brain injury, stating that he has a "mental defect" through "severe short and long-term memory [loss] never mentioned," (Dkt. #25, pg. 6). He also insists that the trial court and the district attorney's office failed to hold a competency hearing, (Dkt. #22,

pg. 6-7). Finally, Ereman claims that a "highway patrol man" abused his power by harassing him, as he was the "same [officer]" that pulled him over in 2013, (Dkt. #15, pg. 6).

**IV. Standard of Review**

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA

3

is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the highly deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**V. Discussion and Analysis**

Ereman's challenges to his three convictions are untimely. An inmate must file a section 2254 motion within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States if removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 imposes a general one-year statute of limitations.

Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals). If a habeas petitioner has pursued direct relief through a state's highest court—which, here, would be the Texas Court of Criminal Appeals through a petition for discretionary review—then his conviction

4

becomes final when the ninety-day time period for which to file a timely petition for a writ of certiorari expires with the Unites States Supreme Court. *See Foreman v. Dretke*, 393 F.3d 336, 338 (5th Cir. 2004).

Moreover, the time period for filing a timely petition is tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.").

Here, Ereman was sentenced on 2009, 2013, and again in May 2018. He did not file a direct appeal for any of his convictions. Because he did not file a direct appeal, his one-year limitation period began to run in June 2018—thirty days after the expiration of the time period for filing a timely direct appeal. *See Roberts*, 319 F.3d at 693-95 (explaining that finality is determined by expiration of time for filing further appeals). Accordingly, for even his latest conviction, Ereman's federal habeas petition was due in June 2019—absent any tolling. Therefore, these 2022 and 2023 federal habeas petitions are untimely.

The Court determines that Ereman is not entitled to equitable tolling. Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Furthermore, the doctrine of equitable tolling is available in only the most rare and exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in

5

some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

Here, Ereman maintains that his permanent brain injury and memory loss rendered him incompetent. This does not warrant equitable tolling. First, Ereman did not challenge any of his convictions—he did not file a direct appeal and did not file state habeas applications. Instead, he skipped right to federal court some years later, showing a lack of due diligence in pursuing his rights. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th. Cir. 2010) ("We have stated that equity is not intended for those who sleep on their rights.").

It is also well-settled that a prisoner's illiteracy, deafness, and lack of legal training do not warrant equitable tolling. Similarly, mental illness does not automatically—without more—warrant equitable tolling. *See Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008). A petitioner must (1) make a threshold showing of incompetence, and (2) show that this incompetence affected his ability to file a timely habeas petition. *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). In this way, conclusory allegations of mental incompetency or illness, as the petitioner bears the burden of proof, do not suffice. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) *as modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

Here, Ereman does not explain how his permanent brain injury prevented him from challenging any of his convictions. He has not made a threshold showing of any mental illness or incompetency; likewise, he failed to show that any incompetence affected his ability to file a direct appeal, state habeas applications, or timely federal petitions. Stated differently, Ereman failed to present a "causal connection between [his] mental illness and his failure to file a timely federal habeas petition." *Jones*, 541 F. App'x at 505. His alleged mental incompetency, brain injury, and memory loss do not warrant equitable tolling.

Moreover, the docket reflects that Ereman failed to address Respondent's answer arguing that his petition is untimely, which further bolsters the argument that he failed to diligently pursue his habeas rights. *See Mathis* at 474. While he urges the Court to order a medical evaluation, (Dkt. #38), he wholly failed to file a response to Respondent's answer. Ereman's plea to the Court for a medical evaluation further demonstrates that he failed to prove a threshold of incompetency. Ereman's federal petitions are therefore untimely and should be dismissed.

**VI. Certificate of Appealability**

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal. *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis"

7

and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Ereman failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to certificates of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled petitions for writs of habeas corpus be denied as time-barred and that the cases be dismissed, with prejudice. It is further recommended that Petitioner Ereman be denied certificates of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 1st day of April, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE